FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 8 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00994-BNB

JAVIER VEGA-DOMINGUEZ,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, and
DEPARTMENT OF REVENUE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Javier Vega-Dominguez, currently resides in Colorado Springs, Colorado. Mr. Vega-Dominguez, acting *pro se*, initiated this action by submitting a Complaint to the Court on April 14, 2011. Magistrate Judge Boyd N. Boland reviewed the Complaint and on April 21, 2011, entered an order instructing Mr. Vega-Dominguez to amend the Complaint to comply with Fed. R. Civ. P. 8. Specifically, Mr. Vega-Dominguez was directed to set forth a short and plain statement of the grounds on which this Court's jurisdiction depends. In other words, he was instructed to cite the statutory authority that allows this Court to consider the claims he is asserting in this action.

    Magistrate Judge Boland, in the April 21 Order, also explained to Mr. Vega-Dominguez that the twin purposes of a complaint are (1) to give the opposing parties

fair notice of the basis for the claims against them so that they may respond and (2) to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Magistrate Judge Boland further informed Mr. Vega-Dominguez that Rule 8(a) requires that a complaint "contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought, . . . ."

On May 2, 2011, Mr. Vega-Dominguez filed an Amended Complaint. The Court must construe the Amended Complaint liberally because Mr. Vega-Dominguez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Amended Complaint is held to standards less stringent than those governing a formal pleading drafted by an attorney. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. The Court has reviewed the Amended Complaint and has determined that the Complaint and action should be dismissed for the following reasons.

In the Amended Complaint, on Page Two of the Complaint form under the section titled "Jurisdiction," Mr. Vega-Dominguez states, "Rule # 8 of the Federal Rules of Civil Procedure." Mr. Vega-Dominguez also raises three claims, stating that his

identity has been stolen and he has contacted both the Social Security Administration and the Department of Internal Revenue, but neither agency will assist him in resolving the problem. Mr. Vega-Dominguez seeks money damages and injunctive relief.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.] . . . It is to be presumed that a cause lies outside this limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" See Kokkonen v. Guardian Life Ins. of America, 511 U.S. 375, 377 (1994) (citations omitted); see also United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) ("The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.") Pursuant to Fed. R. Civ. P. 12(h)(3), an action must be dismissed if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. See McAlester v. United Air Lines, Inc., 851 F.2d 1249, 1252 (10th Cir. 1988).

As pled, Mr. Vega-Dominguez's Complaint fails to set forth a clear basis for federal question jurisdiction under 28 U.S.C. § 1331. The Complaint does not expressly plead any cause of action arising under any specific provision of the United States Constitution or the laws or treaties of the United States, as required for jurisdiction under § 1331. To plead a cause of action under the United States Constitution for a violation of his civil rights, Mr. Vega-Dominguez must identify the specific constitutional right or rights he alleges Defendants violated. Mr. Vega-Dominguez fails to identify the statutory authority that allows this Court to consider his claims. Therefore, the Court finds that the action must be dismissed for lack of subject matter jurisdiction.

Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3).

DATED at Denver, Colorado, this __8th__ day of ____June____, 2011.

BY THE COURT:

_s/Lewis T. Babcock_
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.11-cv-00994-BNB

Javier Vega-Dominguez
4825 Astrozon Blvd #100A
Colorado Springs, CO 80916

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 8, 2011.

                                            GREGORY C. LANGHAM, CLERK

                                   By:_____
                                                  Deputy Clerk